**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDWIN ALEXANDER DIONICIO FIGUEROA,

      Petitioner,

v.

                             Case No. 1:26-cv-02219-MIS-GBW

WARDEN, Cibola County Correctional Center; EL
PASO FIELD OFFICE DIRECTOR, U.S.
Immigration and Customs Enforcement,
Enforcement and Removal Operations; U.S.
ATTORNEY GENERAL; ACTING DIRECTOR,
U.S. Immigration and Customs Enforcement; and
MARKWAYNE MULLIN, Secretary, Department
of Homeland Security,

      Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Edwin Alexander Dionicio Figueroa's

Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1.  The federal

Respondents filed a Response on July 27, 2026 ("Response").[1]  ECF No. 7.  Upon review of the

Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I.    Background

According to Respondents,[2] Petitioner is a citizen of El Salvador who entered the United

States without inspection at San Ysidro, California, on August 2, 2015, as a sixteen-year-old

unaccompanied minor.  Resp. at 1.  Respondents further assert that on March 13, 2025, the U.S.

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 4.  However, as has become customary in these cases, the Warden did not respond to the Petition.

[2]      Respondents did not provide Petitioner's immigration records or submit any evidence of any kind.

Department of Homeland Security issued a warrant for Petitioner's detention after he was arrested in Miami, Florida for purchasing cocaine.  Id.  Respondents further assert that on March 31, 2026, an immigration judge ordered Petitioner's removal.  Id.  Petitioner has appealed the Removal Order.  Id.

Petitioner has a three-year-old daughter who is a United States citizen.  Pet. at 5, 9.  He is currently detained at the Cibola County Correctional Center in Milan, New Mexico.  Id. at 1.

On July 9, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus requesting immediate release from detention.  Id. at 7.  On July 27, 2026, Respondents filed their Response.  ECF No. 7.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas."  Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

2

### III.    Discussion

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause, the Administrative Procedures Act, and the Accardi doctrine.  Id. at 6.  Respondents assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but acknowledge that "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court. __ F.4th __, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)."  Id. at 2.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  2026 WL 1876709, at *5.  That is precisely the situation presented by this case.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release.  See generally Resp., ECF No. 7.  Although Respondents assert that Petitioner was arrested for purchasing cocaine, see id. at 1, they provide no evidence of any arrest and, in any event, they do not assert that he has ever been convicted of any crime.

The Court further orders that Petitioner shall not be re-detained—absent a final order of removal—without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV.      Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.      The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner Edwin Alexander Dionicio Figueroa from custody/detention without restraints beyond those that existed before his unlawful detention;

3.      Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.      Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE